[Cite as Jacks v. Garvin, 4 Ohio App. 2d 40.]

(No. 2108—Decided October 11, 1965.)

*Miss Virginia Weiss,* for appellees.

*Mr. John Gilbert Reese* and *Mr. John K. Taylor,* for appellants.

*Per Curiam.* The plaintiffs, appellees herein, were the purchasers, and the defendants, appellants herein, were the sellers, under a land contract entered into on February 18, 1955.

By the terms of the contract the buyers agreed: "to pay all taxes and assessments whatsoever against said real estate due and payable June 20, 1955, and thereafter."

Such contract further provided:

"If the Buyers fail to pay said taxes and assessments, or either, when due, * * *, the Sellers may pay such taxes and assessments, or either, * * * and the amounts so paid shall be added to the amount due under this contract.

"Now if the Buyers shall well and truly pay the full purchase money aforesaid, including each and all of said installments, and said taxes, assessments * * * then, * * * the Sellers will make and deliver to the Buyers, * * * a good and sufficient warranty deed of the real estate aforesaid * * * free from any and all encumbrances excepting all taxes and assessments due and payable June 20, 1955, and thereafter."

In 1953, the city of Newark passed an ordinance levying a special assessment upon the land in question for the construction of a sanitary sewer. In accordance with the provisions of Sections 727.10, 729.39 and 729.40, Revised Code, such ordinance provided for payment of the assessment in ten semi-annual installments, with any person assessed having the option of paying the assessment with interest in installments or of paying in cash within thirty days.

The defendants did not pay in cash and the assessments became payable in installments. They were certified to the

county auditor for collection. Thirty-four dollars was certified by the county auditor to the county treasurer as due in December 1955, being for the first half of the taxes assessed on the duplicate of 1955, and $33.59 was certified by the county auditor to the county treasurer as due in June 1956, being for the second half of taxes assessed for the duplicate of 1955.

On February 27, 1956, the purchasers paid the installment of $34, which had been certified as being due in December 1955, the installment of $33.59 which had been certified as being due in June 1956, and an additional $253.96 being the remaining unpaid balance representing future installments which as of that time had not been certified to the county treasurer for collection.

The purchasers then filed the instant action to recover from the sellers the sum of $321.55, the total amount paid by them, and the Common Pleas Court awarded judgment in favor of the plaintiffs-purchasers against the defendants-sellers in that amount.

The appeal to this court is on questions of law.

It is our finding that where a land contract provides for conveyance "free from any and all encumbrances excepting all taxes and assessments due and payable June 20, 1955, and thereafter" and, also, for the purchasers "to pay all taxes and assessments whatsoever against said real estate due and payable June 20, 1955, and thereafter," the sellers are not bound to discharge those installments for special assessments which became a lien on the property prior to June 20, 1955, the payment of which did not become obligatory and could not be enforced prior to that date.

The purchasers having agreed to pay all assessments whatsoever due and payable June 20, 1955, and thereafter, the judgment of the Common Pleas Court affording them reimbursement for installments which they agreed to pay and which the sellers were not obligated to pay is contrary to law. The judgment is reversed and final judgment is rendered for the defendants.

*Judgment reversed and final judgment for defendants.*

RUTHERFORD, P. J., McLAUGHLIN and DUFFY, JJ., concur.

DUFFY, J., of the Tenth Appellate District, sitting by designation in the Fifth Appellate District.